[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE THE VERDICT AND FOR NEW TRIAL
Pursuant to P.B. Sec. 320 and 321, plaintiff has moved that the verdict be set aside and that a new trial be ordered on the following grounds.
1. The instructions given were contrary to law with regard to (a) the duty to a store and its duty to warn customers of potentially harmful conditions, and (b) preponderance of the evidence.
2. The verdict was contrary to the evidence.
3. The court erred in allowing defendant to introduce Exhibit 2, the letter purportedly introduced to attack the credibility of plaintiff.
4. The court erred in not allowing defendant to introduce Exhibits "RR," "SS," "TT," and "UU" (Exhibits for identification) to attack the credibility of the store manager as to how the exit looked in 1987.
On July 10, 1992, the jury rendered a verdict in favor of the defendant.
 I
Were the instructions given by the court contrary to the law with regard to (a) the duty of a store and its duty to warn customers of potentially harmful conditions; and (b) preponderance of the evidence?
"The main basis for setting aside a verdict as contrary to law is an error in the charge to the jury. If counsel is making a claim concerning the charge, he should order a transcript of the court's charge before arguing the motion." 1 Conn. Practice, Moller and Horton Sec. 320 Page 511.
Although without the benefit of the transcript, the court reviewed his notes from which the charge was given and finds that the charge to the jury, taken as a whole, fairly presented the case to the jury and was a proper guidance for their arrival at a verdict. The verdict did not shock the sense of justice as to compel CT Page 8596 the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. Palomba v. Gray, 208 Conn. 21, 24 (1988).
 II
Was the verdict contrary to the evidence?
Where the verdict is challenged because it contrary to the evidence, the issue is whether the jury could reasonably have concluded, upon facts established and inferences reasonably drawn therefore, that the defendant was not negligent. The evidence must be given the construction most favorable to sustaining the jury verdict.
This jury could reasonably have found that either the defendant was not negligent or that the negligence of the plaintiff was greater than that of the defendant.
 III
Did the court err in allowing defendant to introduce Exhibit 2?
Exhibit 2 was a letter purportedly written by plaintiff's co-counsel pertaining to another claim of the plaintiff in which some of the same injuries and some of the same special damages were presented.
This letter was competent evidence to rebut the assertions of the amount of special damages and the personal injuries claimed by the plaintiff from this fall.
 IV
Did the court err in not allowing plaintiff to introduce Exhibits "RR" "SS" "TT" and "UU" (all for identification only)?
These proposed Exhibits were all photographs of the exit to defendant's supermarket which plaintiff attempted to introduce through Mr. Carter, the manager. When asked if these photographs were true and accurate representations of the store exit, Mr. Carter's answer was "No."
For the above reasons, plaintiff's Motion to Set Aside the Verdict is overruled. CT Page 8597
Harold M. Missal State Trial Referee